UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| PEAR TREE PROPERTIES, LLC, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) ) | NO. 3:16-cv-00551 JUDGE CRENSHAW |
| ACUITY, | ) ) ) | |
| Defendant. | | |

**MEMORANDUM AND ORDER**

Before the Court is Defendant Acuity's motion to dismiss. (Doc. No. 10.) The only ground for dismissal that Acuity asserts is under the first-to-file doctrine. (Doc. No. 11.) Acuity filed suit against Plaintiff Pear Tree Properties, LLC ("Pear Tree") on February 23, 2016. <u>Acuity v. Pear Tree Properties, LLC</u>, No. 3:16-cv-00363, ECF No. 1 (M.D. Tenn.). Pear Tree then filed this lawsuit against Acuity on March 10, 2016. (Doc. No. 1.) Both Acuity and Pear Tree admit that the lawsuits arise out of the same events involving similar issues, but not exactly the same. (Docs. No. 10, 24.) Under this situation, it is appropriate for the Court to consolidate the two cases, pursuant to Federal Rule of Civil Procedure 42(a), rather than dismiss the latter case. <u>Mitchell v. Dutton</u>, 865 F.2d 1268, at *3 (6th Cir. 1989); see <u>Miller v. U.S. Postal Service</u>, 729 F.2d 1033 (5th Cir. 1984) (reversing the district court for dismissing the second-filed case and remanding with instructions to consolidate the two cases for trial); <u>Thomas v. Deason</u>, 317 F. Supp. 1098, 1099 (W.D. Ky. 1970) ("The proper solution to the problems created by the existence of two or more cases involving the same parties and issues, simultaneously pending in the same court would be to consolidate them under Rule 42(a) of the Federal Rules of Civil Procedure."). Therefore, Acuity's motion to dismiss (Doc. No. 10) is **DENIED**.

When consolidating two actions, the Court must determine whether to order a separate trial "of one or more separate issues, claims, crossclaims, counterclaims, or third-party claims." FED. R. CIV. P. 42(b). In order to preserve Pear Tree's right to a jury trial, id., Acuity asks that the Court first rule on any legal matter including the interpretation of the policy contract, and then order a jury trial on the remaining issues. (Doc. No. 22 at 5.) If there is a contract interpretation question that can be ruled on as a matter of law, it can be made in a motion for summary judgment, under Federal Rule of Civil Procedure 56. The remaining issues can be tried by a jury. If, after the jury trial, there are issues raised in Acuity's suit that were not resolved by the jury, the Court may hold a bench trial on the remaining issues.

IT IS THEREFORE ORERED that Acuity's motion to dismiss (Doc. No. 10) is **DENIED**. The cases are **CONSOLIDATED**, with case number 3:16-cv-00551 as the lead case. All future filings shall be made in the lead case only. The June 27, 2017, bench trial and June 19, 2017, pretrial conference in case number 3:16-cv-00363 are **CANCELED**, subject to being rescheduled after the jury trial in case number 3:16-cv-00551.

The Clerk is **DIRECTED** to file this order in both consolidated cases.

IT IS SO ORDERED.

_____
WAVERLY D. CRENSHAW, JR.
UNITED STATES DISTRICT JUDGE